ALFRED KAWCABANY *vs.* BOSTON AND MAINE RAILROAD.

Worcester.   September 28, 1908. — October 20, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Carrier,* Of goods.   *Lien.   Railroad.*

A railroad corporation may make a charge of fifteen cents for transporting a pedler's pack which a passenger attempts to take as personal baggage, and may refuse to deliver the pack to the passenger on his refusing to pay this charge for its transportation, and, after a reasonable time, which in this case was twenty-four hours, the corporation also may charge for storage, and has a lien on the pack for the charges both for transportation and storage.

TORT with a first count for the alleged conversion of a pedler's pack belonging to the plaintiff, and a second and a third count each alleging the defendant's receipt of the pack as a common carrier and its failure to deliver the pack.  Writ dated August 7, 1907.

In the Superior Court the case was tried before *Gaskill,* J. The evidence tended to show that the plaintiff's agent, one Assam, bought a ticket at Jefferson, Massachusetts, for Coldbrook, Massachusetts, on the defendant's road in the afternoon of June 20, 1907, and had with him a pedler's pack containing merchandise belonging to the plaintiff which was to be delivered at a small village near Coldbrook.   Assam boarded the train at Jefferson and was told by the defendant's servants that the pack would have to be carried in the baggage car.   There was a notice posted at the station at Jefferson that pedlers' packs would be subject to a charge of fifteen cents excess baggage charge.   The train reached Coldbrook and stopped for a period not exceeding two minutes.   Assam alighted from the car and asked for his pack, and the defendant's agent told him that he could have it when he paid fifteen cents for it.   The pack was not taken from the train.   The plaintiff did not offer to pay the fifteen cents.   The pack then was carried to Barre, a station a mile and a half farther on, and the plaintiff's agent was not then notified where it had gone.   The pack never was brought to Coldbrook station but was kept at Barre for a long time and storage charges at the rate of ten cents per day, after the first

day, were assessed on it. The class of goods to which the pack belonged was classified by the defendant as baggage on which an excess rate was charged. There was a rule of the defendant that there would be no charge for storage on baggage of this kind for the first twenty-four hours after the arrival at its destination. There was a baggage room used to deposit and keep baggage at Coldbrook station.

The plaintiff's agent, Assam, testified in part as follows: That he returned to Coldbrook station the next morning, demanded his pack and offered to the defendant's agent the fifteen cents claimed to be due; that the defendant's agent told him that he did not know where the pack was and that he would have to write to Boston for it; that the witness did not see the pack again for some weeks and then saw it at the Barre station where the agent told him that there was the sum of $2 due on it.

The defendant's agent, the station master at Coldbrook, testified that the plaintiff's agent, Assam, when he got off the train demanded his baggage but absolutely refused to pay the fifteen cents; that the baggage was carried away and that Assam returned to the station the next afternoon, within twenty-four hours, and after inquiring for his baggage was asked if he was willing to pay the fifteen cents; that he then again absolutely refused to pay the fifteen cents; that the agent told him that the pack was at Barre and that he could have it later if he would pay the fifteen cents, as he would have it brought to him by the next train from Barre, but Assam said that he would not pay the fifteen cents.

Another agent of the defendant, the station master at Barre, testified in part, that the plaintiff's agent, Assam, called at Barre about sixteen days after June 20, and asked about the pack, that he showed it to him and told him that he would have to pay about $1.60 to get it; that he asked him if he wanted it and that Assam said " No."

At the close of all the evidence the plaintiff asked the judge to direct a verdict for the plaintiff. This the judge refused to do, and the plaintiff excepted.

The judge instructed the jury as follows: " Mr. Foreman and gentlemen of the jury: The plaintiff in three different ways in his declaration alleges that he has a cause of action against the

defendant. Each one of those ways relates to the same subject matter. It is not three suits but three ways of stating one cause of action. Practically it comes down to this: that the plaintiff delivered to the defendant certain goods to be transported from Jefferson to Coldbrook; that there was a charge due as excess baggage upon that baggage and that at Coldbrook the plaintiff's agent at first refused to pay any of this excess baggage charge, but that at a later time at various times he tendered to the defendant the amount due for carrying the baggage and demanded it of the carrier, but it utterly refused to deliver the same to the plaintiff.

" As I take it the law is plain and easily stated. First, there is no dispute that these goods were delivered by the plaintiff to the defendant company to be transported; that they were not technically personal baggage, but by the rules of the company this being a pedler's pack was regarded as excess baggage, and in the station at Coldbrook in plain view a notice to that effect was posted.

" I instruct you as a matter of law that the defendant company had the right to charge as excess baggage the rate which it had fixed at fifteen cents, no question being made but that that was a reasonable sum. So far, then, practically there is no dispute. What next? Well, the next thing is, the defendant having taken those goods for something to be paid for transporting them, it was the duty of the defendant to deliver those goods at the place to which the passenger was going upon the request of the plaintiff's agent and payment of the amount due. Now, you are on the line to Coldbrook, and what is the situation there? And that is as you may find upon the evidence. Upon one side it is contended in behalf of the plaintiff that he there asked for the goods to be delivered, that the defendant's agent stated that there was fifteen cents due, and that he refused to pay that fifteen cents. So far there is no dispute. So up to that time and with that refusal the company was justified, up to that point. Now a rule of the company has been put in, or custom of the company, testified to by one of its agents, that for twenty-four hours after the receipt of goods where there is a charge for excess baggage, they retain those goods without additional charge.

" Now, dealing with that problem; up to this time there is nothing that the defendant has done that is not justifiable. Now, what is the next step? What was done within the next twenty-four hours? Well, at the beginning of that twenty-four hours those goods were not delivered at the station at Coldbrook but were carried on to Barre. That in and of itself was an unjustifiable act on the part of the defendant, but that does not mean that with that alone the plaintiff can recover.

" Now, what was done upon the following day? If there was a refusal at all times on the part of this plaintiff to pay reasonable charges, then it is practically immaterial where these goods were, whether with the agent at Coldbrook or whether they were at Barre, because there was no obligation to deliver unless upon payment or offer of payment, so that eliminates that for the time being. Now, the only way in which the plaintiff can recover here is that you must be satisfied by a fair preponderance of the evidence of one of two things, either that within twenty-four hours after the arrival of the plaintiff's pack at Coldbrook he tendered or offered to pay to the station agent there fifteen cents, and it is admitted of course the goods were not at the station. Now, unless that is so, then there is no ground whatever, because it is admitted by the plaintiff that at Barre when the plaintiff's agent went there he simply asked how much the charges were, and as he said $2.80, but as the agent says $1.60, and the plaintiff's agent refused to pay it. So that that becomes immaterial in a way.

" Now, if the plaintiff's agent within twenty-four hours after about six P. M. of that evening came to the agent at Coldbrook and offered to pay fifteen cents then it was the duty of the defendant to deliver, at Coldbrook or at any other place which the plaintiff might require if the defendant consented, those goods.

" Well, the goods were not at Coldbrook. That is admitted. The station agent testifies that he said to the plaintiff's agent as long as you are going back if you prefer I will have those goods at Jefferson for you or I will deliver them to you here if you prefer. If that was what was said then even though the offer was made, of course as I have told you there can be no recovery unless you are satisfied the plaintiff's agent did offer

to pay within twenty-four hours thereafter of six P. M. of that day the fifteen cents.

"If he did offer to pay it then if there was the offer made by the defendant's agent to have those goods at Coldbrook or if the plaintiff's agent preferred at Jefferson, and there was a refusal on the part of the plaintiff then no recovery can be had.

"To put it perhaps in a little more simple way, and in a sentence, practically this is the only way in which the plaintiff can recover, for you to be satisfied that within twenty-four hours after six P. M. of that given day the plaintiff's agent offered to pay the station agent at Coldbrook fifteen cents, and the station agent at Coldbrook did not have the goods and could not deliver the goods, and did not know where the goods were and so refused. If that is the situation the plaintiff may recover, otherwise not.

"If you come to question of damages, the plaintiff has testified that he paid fifty dollars for this property, and that he expected to make twenty or twenty-five per cent, and as I recall the plaintiff's testimony upon the stand he said that in his judgment these goods were worth from seventy to seventy-five dollars.

"You are to take the evidence, gentlemen, and if you find for the plaintiff for the value of the goods you will add interest from the date of the writ at six per cent. The date of the writ was the seventh day of last August."

The plaintiff excepted to that portion of the charge beginning "If he did offer to pay" and ending with words "otherwise not."

The judge added, "If the testimony of the agent was that he offered to have the goods back on the next train, if that was what was done, that was reasonable time." The plaintiff excepted to this last instruction.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*H. H. Lepper,* for the plaintiff, submitted a brief.

*C. M. Thayer,* for the defendant.

SHELDON, J. It is not denied that the defendant had a right to make the charge of fifteen cents for the transportation of the plaintiff's pack, or that it had the right to detain the pack when

the plaintiff's agent refused to pay this amount. The defendant had a lien on the pack both for the charge of transportation and for storage after a reasonable time. *Miller* v. *Mansfield*, 112 Mass. 260. It was not disputed that under the defendant's rule in this case twenty-four hours constituted such reasonable time. Accordingly a verdict could not have been ordered for the plaintiff.

Nor has the plaintiff any right to complain of the instructions given to the jury. His only contention was that the defendant had converted his goods at Coldbrook, by refusing to deliver them to his agent on demand. But, as we have seen already, the defendant had a right to refuse to deliver them on their arrival at Coldbrook without payment of its charges, and taking the whole of the judge's charge together, the jury could not have returned a verdict for the defendant if they had found that the plaintiff's agent did, as he testified, within twenty-four hours of that time offer at Coldbrook to pay the charge for transporting the goods. It is not necessary to determine whether the judge was right in ruling that an offer by the defendant to deliver the goods on the arrival of the next train from Barre would be sufficient, though we do not mean to intimate any doubt as to the correctness of this ruling.

*Exceptions overruled.*